IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATTIE K. CREEK, Administratrix of the Estate of Russell C. Hoover,** | : | |
| Plaintiff | : | |
| | : | No. 1:17-cv-01304 |
| v. | : | |
| | : | (Judge Kane) |
| **FRANKLIN COUNTY, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

This matter is before the Court on Defendants Franklin County and the Franklin County Probation Department's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8.) For the reasons provided herein, the Court will grant Defendants' motion to dismiss Count I of the complaint, and in light of its disposition of Count I, will decline to address Defendants' motion to dismiss as it relates to Count II of the complaint.

**I.    BACKGROUND**

Plaintiff Pattie K. Creek, administratrix of the estate of Russell C. Hoover, brought this lawsuit on July 24, 2017 by filing a complaint against Defendants Franklin County and the Franklin County Probation Department to recover damages under 42 U.S.C. § 1983 for alleged deprivations of decedent Russell C. Hoover's federal civil rights under the Eighth and Fourteenth Amendments to the United States Constitution, and under state law for negligence. (Doc. No. 1.)

This action concerns an alleged failure to implement the explicit terms of a court order requiring decedent Russell C. Hoover ("Russell"), to submit to a drug and alcohol evaluation as a condition of his pretrial supervised release from custody. On September 9, 2015, Russell was arrested for trespassing, a misdemeanor of the third degree, and detained at the Franklin County Jail. (Id. ¶¶ 13-16.) On November 4, 2015, Russell filed a motion to reduce his bail amount.

1

(Id. ¶ 16.) On November 20, 2015, following a hearing on the motion to reduce bail, the presiding judge entered an order that provided, in relevant part, that:

1. The defendant's motion to reduce bail is granted . . . [;]

2. The defendant's bail is modified to $2500 unsecured with the requirement that he be eligible for pretrial release supervision.

3. Said pretrial release supervision shall include the following conditions:

    (1) The defendant shall undergo a drug and alcohol evaluation and in the event the results of the evaluation recommend him for treatment he may be released only upon arrangement for and compliance with those treatment requirements.

    (2) The defendant may not be released to reside with the alleged victims in this matter nor with Danial Hall and his family unless Mr. Hall specifically agrees to it with the adult probation department.

    (3) The defendant shall be prohibited from consuming any alcohol or any controlled substance unless lawfully [prescribed] to him.

(Doc. No. 8-2 at 4.)[1] On November 25, 2015, Russell posted bail and was released. (Doc. No. 1 ¶ 19.) Plaintiff alleges that the "above-referenced conditions to Russell's release from Defendants' custody were further memorialized in his release paperwork." (Id. ¶ 20.) Plaintiff further alleges that, at all times relevant to Russell's release, the Franklin County Probation Department was "responsible for implementing the terms and conditions of Russell's release from Defendants' custody" as ordered by the Court of Common Pleas of Franklin County (id. ¶ 8), and was "keenly aware of [Russell's] drug issues and dependency problems" (id. ¶ 12), from

---

[1] In addition to the amended complaint in this matter (Doc. No. 1-3), the Court has taken judicial notice of the decedent's criminal docket sheet in Commonwealth of Pennsylvania v. Russell Clark Hoover, attached as an exhibit to Defendants' motion to dismiss (Doc. No. 8-2), and available through the Unified Judicial System of Pennsylvania Web Portal at: https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-28-CR-0001668-2015. See Fed. R. Evid. 201; Wilson v. McVey, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008). Consideration of the docket entries in Russell's underlying criminal proceedings does not require conversion of the motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d).

previous run-ins with law enforcement.  According to Plaintiff, despite Defendants' knowledge of Russell's dependency issues and the explicit conditions for release set forth in the presiding judge's order, Defendants did not require Russell to complete a drug and alcohol evaluation prior to his release from custody, and instead "simply released him to the public."  (Id. ¶ 22.)  On November 28, 2015, approximately three (3) days after his release from Defendants' custody, Russell overdosed on heroin and died.  (Id. ¶ 23.)

On September 22, 2017, Defendants filed a motion to dismiss Plaintiff's complaint.  (Doc. No. 8.)  Having been fully briefed (Doc. Nos. 9, 11, 12), this matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of

pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck

v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004).

## III. DISCUSSION

### A. PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS

Count I of Plaintiff's amended complaint sets forth a 42 U.S.C. § 1983 claim against Defendants. Section 1983 affords a private citizen redress for violations of federal constitutional law committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To maintain a cause of action under Section 1983, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

#### 1. Plaintiff's Section 1983 claims against the Franklin County Probation Department are subject to dismissal under the Eleventh Amendment.

Plaintiff asserts federal civil rights claims under Section 1983 against Franklin County and the Franklin County Probation Department. Defendants move for dismissal of the claims

against the Franklin County Probation Department on the basis that the County's probation department is a municipal agency entitled to immunity under the Eleventh Amendment. (Doc. No. 11 at 10.) Alternatively, Defendants argue that the Franklin County Probation Department is not subject to liability under Section 1983 because it is not a "person" within the meaning of the statute.

The Court agrees with Defendants that the Eleventh Amendment bars Plaintiff from maintaining her Section 1983 action against the Franklin County Probation Department. "The Eleventh Amendment renders unconsenting States immune from suits brought in federal courts by private parties." Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008) (citations omitted); U.S. Const. amend. XI. (providing that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State"). This immunity has been extended to bar actions brought against states, state agencies, and state officials sued in their official capacities for monetary relief, absent waiver by the state or congressional abrogation of said immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "In addition, a suit may be barred by the Eleventh Amendment even though a State is not named a party to the action, so long as the State is deemed a real party in interest." Haybarger, 551 F.3d 193 at 198 (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)).

The Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." Id. (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh

6

Amendment)). As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to Plaintiff's claims for damages under Section 1983 against the Franklin County Probation Department. Accordingly, the Court will grant Defendants' motion to dismiss the Franklin County Probation Department from this action with prejudice, as this entity is immunized from suit under the Eleventh Amendment.

### 2. **Plaintiff's fails to state a viable Section 1983 claim against Franklin County**

Count I of the complaint also appears to assert a cause of action under Section 1983 against Franklin County.[2] (See Doc. No. 1 at 7 ("Count I[,] Pattie K. Creek, Administratrix of the Estate of Russell C. Hoover v. Defendants")). "On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." Burns v. Reid, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court of the United States held that municipalities and other local governmental units , such as Franklin County, are included among those "persons" subject to liability under Section 1983. Monell, 436 U.S. at 690. A

---

[2] Notably, while Count I of the complaint is far from a model of clarity, the Court observes references to the decedent's rights under the Eighth Amendment and Fourteenth Amendment. As it relates to the Eighth Amendment, Plaintiff claims that "the premature release of Russell constituted a deliberate indifference to Russell's drug addiction issues under the Eighth Amendment." (Doc. No. 1 ¶ 31.) In their motion to dismiss, Defendants argue that the allegations of the complaint do not give rise to viable Eighth Amendment claim, as Russell was a pretrial detainee conditionally released on bail. (Doc. No. 11 at 10.) The Court agrees. Because Russell was a pretrial detainee and not a prisoner convicted and sentenced for criminal offenses, his federal civil rights claims are governed by the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's proscription against cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337, 344–46 (1981); Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).

municipality or other local government entity may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation." Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986). A municipal entity cannot be held vicariously liable under Section 1983 for constitutional violations perpetrated by its agents or employees. Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007). Rather, municipal liability is limited to those actions for which the municipality itself is actually responsible. Pembaur, 475 U.S. at 479. Liability attaches when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S 658, 694 (1978). That is, the municipality is subject to liability in a Section 1983 action only to the extent it maintained an unconstitutional custom or policy that caused the constitutional violations alleged by Plaintiff. This requires "a direct causal link between the municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

A municipal policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." Id. A custom "is an act 'that has not been formally approved by an appropriate decision maker,' but is 'so widespread as to have the force of law.'" Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Bd. of the Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). To recover against a municipality under Section 1983, a plaintiff must "identify the challenged [custom or] policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy [or custom] and the injury suffered." Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 910 (3d Cir. 1984) (citation omitted).

Applied here, the Court finds that the complaint wholly fails to allege facts to support a cognizable claim under Section 1983 against Franklin County.[3] The complaint alleges the following, in pertinent part:

30. The Defendants, their various agents, servants and/or employees, while acting under color of state law . . . violated . . . [Section] 1983 and deprived Russell of his rights guaranteed under the Constitution of the United States, causing the aforementioned injuries by acting as follows:

   a. Having a pattern, custom or policy that resulted in their failure to implement the drug and alcohol evaluation . . . . ;

   b. Having a pattern, custom or policy that resulted in their failure to maintain proper and reasonable supervision and inspection of the terms and conditions of Russell's release from custody;

   c. Having a pattern, custom or policy that resulted in . . . releasing Russell from custody when they knew or should have known that the unsupervised release of Russell would cause harm to Russell;

   d. Having a pattern, custom or policy that resulted in their failure to properly train and/or establish proper training procedures for their employees and agents;

   e. Having a pattern, custom or policy that resulted in their failure to exercise proper care and supervision over Russell following his release, particularly when they were aware of Russell's dependency issues;

   f. Having a pattern, custom or policy that resulted in their failure to devise and implement effective procedure, protocol, techniques, methods and means for assessing the propriety of Russell's release;

   g. Having a pattern, custom or policy that resulted in the failure to devise and implement effective procedures, protocol and techniques and

---

[3] While not fatally deficient, the Court observes that Plaintiff fails to plead non-conclusory facts that identify "what exactly the custom or policy was" that resulted in the alleged constitutional violations. McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009); see Burke v. Twp. of Cheltenham, 742 F. Supp. 2d 660, 675 (E.D. Pa. 2010) ("[Plaintiff] fails to present any facts regarding an official policy or custom on the part of the Township that caused civil rights violations to be made against him. Instead, he offers only bald assertions that such policies or customs existed without any support that would suggest that what happened to him . . . were not idiosyncratic actions of individual public actors.").

methods and means for ongoing supervision of Russell following his release;

j. Having a pattern, custom or policy that resulted in their failure to have policies and procedure[s] to ensure that Russell and persons similarly situated would not be injured by themselves when Russell's condition was known to Defendants;

k. Having a pattern, custom or practice that resulted in their failure to investigate where Russell would be staying following his release and follow up to ensure Russell's safety . . . .

(Doc. No. 1 ¶ 30.)

From these allegations and the arguments raised by Plaintiff in her brief in opposition to Defendants' motion to dismiss, it is plainly apparent to this Court that Plaintiff incorrectly predicates Franklin County's liability on a faulty theory that the Franklin County Probation Department is a municipal agency and its personnel are municipal employees whose alleged constitutional transgressions are attributable to the municipality itself. (See Doc. No. 9 at 11-12 ("Here, the Probation Department has not been identified as 'merely an arm of the local municipality.' The Probation Department has been identified as 'a county agency . . . organized and existing under the laws of the Commonwealth of Pennsylvania and under the policies [and] procedures' and 'is responsible for efficiently and effectively supervising offenders in the community.'")). As described above, Franklin County's probation office is a subunit of the Franklin County Court of Common Pleas, which is itself an arm of the Unified Judicial System of the Commonwealth of Pennsylvania. Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) ("The Commonwealth vests judicial power in a unified judicial system, Pa. Const. art. V, § 1, and all courts and agencies of the UJS are part of the Commonwealth government rather than local entities."). As the Franklin County Probation Department is not a municipal agency, Plaintiff cannot tether the probation office's failure to

release the decedent to a rehabilitative treatment program following detention to Franklin County. Perez v. Borough of Berwick, 507 F. App'x 186, 190 (3d Cir. 2012) ("We hold that [the probation officer] was not an agent of the municipality when she entered the [plaintiff's] family home, as the plaintiff points to no evidence that would rebut the . . . defendant's assertion—and this Court's law—that a probation officer works for a unit of the state, even if the probation office has the name of a county in its title."). As Plaintiff has failed to assert a viable cause of action against Franklin County under Section 1983, the Court will grant Defendants' motion to dismiss Count I of the complaint against Franklin County.

### 3. Leave to Amend

In civil rights cases, district courts must generally sua sponte extend plaintiffs an opportunity to amend the complaint before dismissal. Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007). However, a district court can refuse to permit a curative amendment on grounds of bad faith, undue delay, prejudice, or futility. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Informed by this standard governing the amendment of pleadings, the Court finds that granting leave to amend Count I of the complaint would be futile. Indeed, a liberal reading of the complaint and briefing filed in connection with Defendants' motion to dismiss reveals no set of facts that could plausibly give rise to a viable claim for relief under Section 1983, even if further amendment were permitted. Accordingly, the Court will grant Defendant's motion to dismiss Count I of the complaint with prejudice.

### B. PLAINTIFF'S SUPPLEMENTAL STATE LAW CLAIMS

Where a district court has dismissed all claims over which it has original jurisdiction, as is the case here, the Court may decline to exercise supplemental jurisdiction over the pendent state law claims. 28 U.S.C. § 1367(c)(3). The decision of whether the Court may exercise

11

supplemental jurisdiction is one that should be based on "the values of judicial economy, convenience, fairness, and comity," Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state-law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. Id. In the absence of a viable federal claim, and finding nothing in the record to distinguish this case from the ordinary one, the Court finds that the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." See Cohill, 484 U.S. at 350 n.7. Therefore, the Court will dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

Based upon the foregoing, the Court will grant Defendants' motion to dismiss as it relates to Count I of the complaint, and will decline to exercise supplemental jurisdiction over the pendent state law claims asserted in Count II of the complaint. An Order consistent with this Memorandum follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania